## CRANE CO v KOPER HEATING CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 5059.  Decided, 1936

Cobb, Scott, Tieman & Meyer, Cincinnati, for appellant.

Hall, Castellini, Frey & Jackson, Cincinnati, for appellee, Eleanor Castellini.

### OPINION

By HAMILTON, J.

The question in this case is whether The Crane Company, appellant herein, properly perfected a mechanic's lien against the real estate of the appellee Eleanor Castellini.

Eleanor Castellini entered into a contract with the Koper Heating Company for the installation of heating equipment in her property on Forest Avenue.  The Koper Heating Company contracted with the ap-

pellant, the Crane Company, to supply certain materials under said contract. The Crane Company furnished the materials and the Koper Heating Company failed to pay it for the same. Within time, under the statute, the Crane Company filed for record with the recorder of Hamilton County an affidavit for a mechanic's lien against the real estate of Eleanor Castellini, the owner, in the sum of $193.56.

The controversy grows out of whether or not a copy of this affidavit was served on Mrs. Castellini, the owner of the real estate.

Sec 8315, GC, provides, among other things, that:

"Every person filing such affidavit, * * * shall within thirty days after the filing thereof serve on the owner, part owner or lessee of such premises or his agent, a copy thereof, but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting the same * * *."

The only evidence bearing on the question of service, as disclosed in the record, is in the evidence given by Mr. Schott, and the pertinent part of that is as follows:

"On the following day on January 28, 1932, I delivered a copy of this lien, which was a sworn copy and a duplicate original of Exhibit Number 2, at Number 430 Forest Avenue, Cincinnati, Ohio, the residence of Eleanor Castellini and the place where the material as set out in Exhibit "I" was furnished. I think that is all."

The most that can be said for this evidence is that the summons on behalf of the Crane Company undertook to make a residence service of the affidavit. This service does not comply with the provisions of §8315 GC, above referred to. •The section in terms provides that notice must be served on the owner, and if he cannot be found, then a copy must be posted on the premises in a conspicuous place. The construction, therefore, is unavoidable that personal service is required under this section; otherwise, the notice must be posted.

True, in several sections of the Code in proceedings in court, the law provides that service may be made by leaving a copy of the summons or petition or writing at the usual place of residence. To sustain this class of service, the statute must so provide. The statute in question does not provide for residence service, and the court was without authority to read it into the statute.

Our conclusion is that the service was not sufficient to bind the parties, and to perfect the mechanic's lien as against the owner of the premises.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.